**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

| | | |
|---|---|---|
| Christopher Welch, | : | CIV. ACTION NO. 15-8745(RMB-JS) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION CONSOLIDATING AND** |
| v. | : | **STAYING ACTIONS** |
| | : | |
| | : | APPLIES TO ALL ACTIONS |
| Cape May County Corr. Center, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| Jose Saez, | : | CIV. ACTION NO. 16-1351(RMB-JS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| County of Cape May *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| John Hewett, | : | CIV. ACTION NO. 16-1352(RMB-JS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| County of Cape May *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

1

```
_____

Thomas M. Rodier,              :   CIV. ACTION NO. 16-1464(RMB-JS)
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :
County of Cape May et al.,     :
                               :
        Defendants.            :
_____

Edward Reichle,                :
                               :   CIV. ACTION NO. 16-1465(RMB-JS)
        Plaintiff,             :
                               :
    v.                         :
                               :
County of Cape May et al.,     :
                               :
        Defendants.            :
_____

Jermaine Mills,                :   CIV. ACTION NO. 16-1466(RMB-JS)
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :
County of Cape May et al.,     :
                               :
        Defendants.            :
_____

Lawrence Sheeron,              :   CIV. ACTION NO. 16-1478(RMB-JS)
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :
County of Cape May et al.,     :
                               :
        Defendants.            :
```

```
_____
Eric Konczyk,                       :  CIV. ACTION NO. 16-1526(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Sean Hillegass,                     :  CIV. ACTION NO. 16-1687(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Alex Vasquez Gonzalez,              :  CIV. ACTION NO. 16-1768(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Derick L. Fitzpatrick,              :  CIV. ACTION NO. 16-1769(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
```

```
_____
David Fessler,                      :  CIV. ACTION NO. 16-1865(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Khamal Smith,                       :  CIV. ACTION NO. 16-1866(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Sean Tomes,                         :  CIV. ACTION NO. 16-1912(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
_____

Kenneth Richardson,                 :  CIV. ACTION NO. 16-1939(RMB-JS)
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
County of Cape May et al.,          :
                                    :
        Defendants.                 :
```

```
─────────────────────────────────
Thomas McNamar,                  :   CIV. ACTION NO. 16-1974(RMB-JS)
                                 :
        Plaintiff,               :
                                 :
    v.                           :
                                 :
County of Cape May et al.,       :
                                 :
        Defendants.              :
─────────────────────────────────
Charles R. Harris, III,          :   CIV. ACTION NO. 16-1976(RMB-JS)
                                 :
        Plaintiff,                :
                                 :
    v.                           :
                                 :
County of Cape May et al.,       :
                                 :
        Defendants.              :
─────────────────────────────────
```

**RENÉE MARIE BUMB**, U.S. District Judge

For the reasons discussed below, the above-named actions will be consolidated into one action, for all purposes, and stayed pending resolution of the putative class action in <u>Docherty et al. v. County of Cape May et al.</u>, 15cv8785(RMB-JS).

I.   <u>BACKGROUND</u>

On December 17, 2015, Christopher Welch, a pre-trial detainee at Cape May County Correctional Center, filed a civil rights action alleging unconstitutional conditions of confinement related to overcrowding and several other claims. <u>Welch v. Cape May County Corr.</u>

5

Center *et al.*, 15cv8745(RMB-JS) (Compl., ECF No. 1.) Welch submitted an amended complaint on January 26, 2016. The Court screened the amended complaint as required by 28 U.S.C. §§ 1915A, 1915(e)(2)(B) and allowed certain claims to proceed, including claims of unconstitutional conditions of confinement in violation of the Due Process Clause of the Fourteenth Amendment. (Id., Am. Compl., ECF Nos. 1, 6; Opinion and Order, ECF Nos. 8, 9.)

On the same day that Welch filed his complaint, Emily Docherty, a pre-trial detainee at Cape May County Correctional Center who is represented by counsel, filed a class action civil rights complaint, also alleging unconstitutional conditions of confinement caused by overcrowding and other allegedly abysmal conditions. Docherty *et al.* v. Cape May County *et al.*, 15-8785(RMB-JS). Docherty proposes four subclasses, two of which include only female pre-trial detainees, and one of which appears to include the pro se plaintiffs in the individual actions named above. (Id., Compl. ¶84(D)). The definition of the inclusive proposed subclass, the "overcrowding injunctive class," "is a class of current and future male and female inmates seeking declaration and injunctive relief from overcrowding and other [allegedly] abysmal conditions . . . ."[1]

---

[1] The proposed "overcrowding damages class" also includes male and female inmates, but, as presently defined, it applies only to former and not current inmates. (Compl., ¶84(B)).

On March 10, 2016, Jose Saez, also a pre-trial detainee at Cape May County Correctional Center, filed a civil rights action. Saez cited to Welch's civil action, and his complaint appeared, in large part, to have been copied or patterned on the conditions of confinement claims in Welch's amended complaint. As in Welch's case and the putative class action, Saez alleged he could not complete the grievance process within the correctional facility because he was refused formal grievance forms. (Saez, 16cv1351(RMB-JS), Compl., ECF No. 1 at 10, ¶46.) After the Saez Complaint was filed, at least fifteen additional, nearly identical complaints have been filed pro se by male pre-trial detainees in Cape May County Correctional Center.

## II. DISCUSSION

### A. Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933); see Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) ("Johnson remains the 'authoritative' statement on the law of consolidation.") (quoting *Newfound Management Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997)).

Rule 42(a) does not require that pending suits be identical before they can be consolidated. A.F.I.K. Holding SPRL v. Fass, 216 F.R.D. 567, 570 (D.N.J. 2003). Specific factors to consider in consolidation are risk of possible confusion, risk of inconsistent adjudications of common issues of law and fact, burden on parties and witnesses, length of time required and relative expense. *Id.* (citing In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998)(citations omitted). Courts should balance the savings of time and effort against the inconvenience, delay or expense that might result "from simultaneous disposition of the separate actions." Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 81 (D.N.J. 1993) (citing Waste Distillation Tech., Inc.

v. Pan American Resources, Inc., 775 F.Supp. 759, 761 (D.Del. 1991)(additional citations omitted).

The Defendants in Welch, 15-8745(RMB-JS) filed an Answer on April 14, 2016. The remainder of the pro se actions have yet to be screened under 28 U.S.C. § 1915A and 1915(e)(2)(B), and have not been served on the defendants. Given the very early stages of each of these cases, very little inconvenience, delay or expense would result from consolidation.

Each of these cases present the same issue of whether the conditions of confinement in Cape May County Correctional Center amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. The court's inquiry into this issue must consider the totality of the circumstances in the institution. Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008). The factual allegations related to overcrowding and the physical conditions in the correctional facility apply to all Plaintiffs.

Consolidating the above cases at this early stage will result in judicial economy of resources, which will facilitate the expediency of discovery and resolution of the cases for all parties. The balancing of time and effort gained through consolidation weighs heavily against any inconvenience, delay or expense that a party might incur from consolidated proceedings on these separate actions.

9

The Court will therefore consolidate the above-named actions, and consolidate future similar cases that are filed in this Court.

**B.     STAY PENDING RESOLUTION OF CLASS ACTION**

District courts have broad discretionary powers to stay proceedings. Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Id.; see Takacs v. Middlesex County, 2001 WL 1375682, at *1 (D.N.J. April 12, 2011) (court stayed putative class action alleging members of the class were strip-searched in violation of their constitutional rights, pending outcome in the Third Circuit Court of Appeals of another class action involving strip searches of pre-trial detainees.)

The core of the class action complaint in Docherty is the same as the individual pro se plaintiffs' complaints; the overcrowding and allegedly abysmal conditions for pre-trial detainees in Cape May Correctional Center violate the Due Process Clause of the Fourteenth Amendment. Conditions of confinement claims require analysis of whether the conditions are reasonably related to a legitimate governmental objective, and whether the conditions are excessive in

10

relation to the purpose assigned to them. Bell v. Wolfish, 441 U.S. 520, 538 (1979). Such issues are common to all parties subject to those condition[s].

Although there are some differing factual allegations between the class action and the individual pro se cases, in conducting the due process analysis, the court must look at the totality of the circumstances in the institution. See Hubbard, 538 F.3d at 233 (determining whether conditions are excessive in relation to the legitimate purpose "assigned to them," "we do not assay separately each of the institutional practices but [instead] look to the totality of the conditions") (citations omitted)).  All plaintiffs are current or recent pre-trial detainees in Cape May County Correctional Center, therefore subject to the same overall conditions in the institution. All plaintiffs seek damages and injunctive relief. Resolution of the Fourteenth Amendment claims in the class action will substantially affect or be dispositive of the Fourteenth Amendment claims in the individual pro se cases.

Determination of the common legal and factual issues in the proposed class action, prior to litigation of the numerous pro se actions, will save vast judicial resources and expedite the resolution of the Fourteenth Amendment conditions of confinement claims. This will benefit the individual pro se plaintiffs, for whom

it would be very difficult and time consuming to prosecute their claims within the confines of pre-trial detention.

By separate Order, the Court will review the pending applications to proceed in forma pauperis under 28 U.S.C. § 1915 filed by pro se plaintiffs. If an application is granted, installment payments on the $350 filing fee will begin to be deducted from the individual's prison trust account. For those plaintiffs whose cases have been or later are administratively terminated for filing a deficient application under 28 U.S.C. § 1915, they will be allowed to correct the deficiency by submitting a proper completed IFP application within thirty days. When an IFP application is granted, the case will be re-stayed pending resolution of the putative class action. Future similar cases that are filed will also be stayed after determination of the plaintiff's in forma pauperis status.

**IV. CONCLUSION**

In the accompanying Order filed herewith, the above-named actions will be consolidated for all purposes, and stayed pending resolution of Docherty et al. v. County of Cape May et al., 15-8785(RMB-JS).

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: **April 21, 2016**